IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-00614-WDM-BNB

MICHAEL J. FITZPATRICK,

Plaintiff,

v.

DURANT D. DAVIDSON,
ROBERT B. WAREHAM, and
ROBERT B. WAREHAM, ESQUIRE, P.C.,

Defendants.
_____

**ORDER**
_____

This matter is before me on the **Plaintiff's Motion in Opposition to the Defendants' Motion in Request of Summary Judgment Revised to Meet Local Rules** [Docs. # 38, filed 3/14/07] (the "Second Response").  The Second Response is STRICKEN.

On February 20, 2007, the plaintiff submitted a response to the defendants' motion for summary judgment (the "First Response") which contained a motion for partial summary judgment.  The First Response was stricken because Local Rule 56.1B prohibits submission of a cross motion for summary judgment in a response brief and because the cross motion was submitted after expiration of the dispositive motion deadline.  *Order issued February 22, 2007* [Doc. #32].  The plaintiff was ordered to submit a second response to the defendants' motion for summary judgment which complies with Local Rule 56.1B.  It was further ordered that the text of the plaintiff's response was not to exceed 25 typewritten pages, double-spaced.  Id.

The plaintiff submitted his Second Response to the summary judgment motion on March 14, 2007. The Second Response is inappropriately entitled as a motion. Moreover, the Second Response incorporates papers previously filed by the plaintiff, including his stricken First Response. Instead of presenting all of his arguments and evidence in the Second Response, the plaintiff cites to arguments and evidence in the papers. For example, on page 6 of the Second Response, the plaintiff states, "The plaintiff disagrees." In support of this statement, he cites to pages 21-26 of the stricken First Response.

This method of responding to a summary judgment motion is unacceptable. The Second Response is STRICKEN. The plaintiff is directed to file a third response which contains all of his arguments and evidence. The plaintiff may not incorporate by reference any previous filings or exhibits (except exhibits attached to the defendant's brief in accordance with Local Rule 56.1). The plaintiff's third response must stand on its own. Failure to submit a third response in accordance with this order may result in sanctions.[1]

IT IS ORDERED that the Second Response is STRICKEN.

IT IS FURTHER ORDERED that the plaintiff shall submit a third response to the defendants' motion for summary judgment in accordance with this Order on or before **April 6, 2007**.

IT IS FURTHER ORDERED that the plaintiff shall entitle his response "Third Response to Defendants' Motion for Summary Judgment."

---

[1] I am aware that the plaintiff is proceeding *pro se*, and that I must liberally construe the pleadings of a *pro se* plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nevertheless, a *pro se* litigant must comply with the rules of Court. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

IT IS FURTHER ORDERED that the text of the plaintiff's response shall not exceed 25 typewritten pages, double-spaced.

IT IS FURTHER ORDERED that failure to submit a third response in accordance with this order may result in sanctions.

Dated March 16, 2007.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge